## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PROJECT FOR PRIVACY AND SURVEILLANCE ACCOUNTABILITY, INC.<br>1101 Connecticut Ave. NW, Ste. 450<br>Washington, DC 20036<br><br>DEMAND PROGRESS EDUCATION FUND, A PROJECT OF NEW VENTURE FUND<br>1201 Connecticut Ave. NW, Ste 300<br>Washington, DC 20036<br><div align="center">Plaintiffs,</div><br>    v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE ,<br>950 Pennsylvania Avenue, NW<br>Washington, DC 20530,<br><div align="center">Defendant</div> | **COMPLAINT**<br><br>1:21-cv-659 |

### Introduction

1.    This Freedom of Information Act (FOIA) suit seeks records from Defendant the United States Department of Justice. *See* 5 U.S.C. § 552. These records and the information they contain are necessary to answer questions of national significance regarding: government surveillance activities conducted in light of the recent expiration of three key surveillance laws; government surveillance and transparency practices regarding targeted IP addresses and networks; and other information related to inquiries made by members of the U.S. Congress.

2.    To answer these pressing questions more fully, the Plaintiffs in this action—the Project for Privacy and Surveillance Accountability, Inc. ("PPSA"), and

Demand Progress Education Fund, a fiscally-sponsored project of New Venture Fund ("Demand Progress Education Fund") (collectively, the "Plaintiffs")—requested records under FOIA as early as October 23, 2020. But they have not received a substantive response from the agency as required by law. The Plaintiffs bring suit to compel that response.

## Jurisdiction and Venue

3.      This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331. It may grant declaratory relief pursuant to 28 U.S.C. § 2201, *et seq.*, and award costs and attorneys' fees pursuant to 28 U.S.C. § 2412 and 5 U.S.C. § 552(a)(4)(E).

4.      Venue lies in this District under 5 U.S.C. § 552(a)(4)(B).

## Parties

5.      Plaintiff PPSA is a Delaware non-profit corporation with its principal place of business in Washington, DC. As part of its mission, PPSA advocates for greater privacy and civil liberty protections from government surveillance, and seeks to hold such programs accountable to constitutional and statutory limitations.

6.      Plaintiff Demand Progress Education Fund is a fiscally sponsored project of the New Venture Fund, a Washington, DC non-profit corporation with its principal place of business in Washington, DC. Besides educating its members and the general public about matters pertaining to the democratic nature of the nation's communications infrastructure, Demand Progress Education Fund engages in other

2

civic involvement, including occasional litigation, related to that and other aspects of its mission.

7.      Defendant the Department of Justice (DOJ) is a Department of the Executive Branch of the United States Government. The DOJ has possession, custody, and control of records to which Plaintiffs seek access. Additionally, the Federal Bureau of Investigation (FBI) is an agency within Defendant DOJ. The FBI has possession, custody, and control of records to which Plaintiffs seek access.

### Facts

8.      FOIA requires federal agencies, including Defendant, to "promptly" release agency records upon request to any member of the public. 5 U.S.C. § 552 (a)(3); *see also* 5 U.S.C. § 552(f)(1) (definition of agency). If the records fall under a statutory exemption or are excluded from FOIA, the agency may deny the request. *See* 5 U.S.C. § 552(b)(1)-(9) (exemptions); *id*. § 552(c)(1)-(3) (exclusions).

9.      Plaintiffs' request in this case concerns the U.S. intelligence community's surveillance activities in light of the expiration of three surveillance laws (collectively, the "expired provisions"), namely: (i) Section 215 of the USA Patriot Act of 2001 (50 U.S.C. § 1861 or FISA Section 501; the so-called "business records" provision); (ii) Section 206 of the USA Patriot Act of 2001 (50 U.S.C. § 1805(c)(2)(b) or FISA Section 105(c)(2)(B); the so-called "roving wiretaps" provision); and (iii) Section 6001 of the Intelligence Reform and Terrorism Prevention Act of 2004 (50 U.S.C. § 1801(b)(1)(C) or FISA Section 101(b)(1)(C); the so-called "lone wolf"

amendment). The three provisions expired on March 15, 2020, and have not been revived through additional legislation.

10.    By letter dated July 21, 2020 (the "Leahy-Lee Letter"; Exhibit A, Attachment A), Senators Patrick Leahy (D-Vermont) and Mike Lee (R-Utah) asked then-Attorney General William Barr and Director of National Intelligence John Ratcliffe for six categories of information about how, to what extent, and under what authorities federal agencies are conducting surveillance and investigation activities given the sunset of the three expired provisions; the Leahy-Lee Letter asked for a response by August 7, 2020. Plaintiffs' request asks for all documentation provided in response to the Leahy-Lee Letter, as well as related records.

11.    Plaintiffs' request in this case also concerns the government's surveillance and transparency practices regarding targeted IP addresses and networks. By letter dated May 20, 2020 (the "Wyden Letter"; Exhibit A, Attachment B), Senator Ron Wyden (D-Oregon) asked then-Acting Director of National Intelligence Richard Grenell for information about the government's collection of web browsing and internet search data and its reporting practices for such collection under the Section 215 business records provision. Plaintiffs' request asks for all documentation provided in response to the Wyden Letter, as well as related records.

12.    Moreover, Plaintiffs' request in this case concerns the FBI's practices and claimed authority in the informal collection of phone records. By letter dated January 22, 2010 (the "Holder Letter"; Exhibit A, Attachment C), then-Senator Russell Feingold (D-Wisconsin) and Senators Wyden and Richard Durbin (D-Illinois)

asked then-Attorney General Eric Holder to provide to Congress a copy of a January 8, 2010 OLC opinion referenced in a DOJ Office of Inspector General report as authorizing the informal collection of phone records without legal process or exigent circumstances. Plaintiffs' request asks for all documentation provided in response to the Holder Letter, as well as related records.

### Plaintiffs' efforts to obtain records via FOIA

13.    Plaintiffs have attempted to obtain records from the Defendant Department of Justice—and the Federal Bureau of Investigation, a part of Defendant—via FOIA. As described more fully below, plaintiffs sought records from the Defendant relating to the requests and issues raised by the Leahy-Lee Letter, the Wyden Letter, and the Holder Letter.

14.    On October 23, 2020, Plaintiffs sent a letter, attached to this complaint as Exhibit A, to Defendant DOJ's FOIA office. The letter requested the following:

**1. All documentation provided in response to Requests 1 and 1.a of the Leahy-Lee Letter.**

**2. To the extent not responsive to Item 1 above, or to any other request herein, any other agency records mentioning: (a) the expiration of any of the expired provisions; (b) the discontinuance or modification of any Department of Justice practice of submitting applications to the Foreign Intelligence Surveillance Court, as such discontinuance or modification may relate to the expiration of any of the expired provisions; and (c) the discontinuance or modification of any DOJ surveillance practice previously authorized under any of the expired provisions.**

**3. All documentation and explanations provided in response to Requests 2, 2.a, and 3 of the Leahy-Lee Letter.**

**4. To the extent not responsive to Item 3 above, or to any other request herein, any other agency records: (a) mentioning whether domestic records surveillance or surveillance involving records**

collection from domestic records holders, such as common carriers, may be conducted in the absence of express statutory authority, including pursuant to Executive Order 12333; (b) otherwise mentioning what types and what volume of information may be acquired pursuant to claimed inherent executive authority, including pursuant to Executive Order 12333; or (c) otherwise mentioning any authority supporting any claimed inherent surveillance powers.

5. All documentation provided in response to Request 4 of the Leahy-Lee Letter.

6. To the extent not responsive to Item 5 above, or to any other request herein, any other agency records mentioning authorities, statutory and otherwise, that may be relied upon to conduct surveillance in lieu of the expired provisions. This request encompasses any agency records mentioning the acquisition of identifiers domestically or from domestic records holders, including identifiers that indicate relevant records originate from within the United States and identifiers that other circumstances suggest may relate to a person in the United States or a United States person.

7. All documentation provided in response to Request 5 of the Leahy-Lee Letter.

8. To the extent not responsive to Item 7 above, or to any other request herein, any other agency records relying in whole or in part upon, or otherwise touching upon, any legal theory, as enunciated on March 11, 2004 or otherwise, that: (a) executive authority displaces FISA when the two conflict; (b) the government may presumptively treat records as foreign unless or even though an identifier in such records is known to be a citizen of the United States; or (c) the government may otherwise treat records as not presumptively belonging to a United States person when those records are acquired domestically, are acquired from a domestic records holder, include identifiers that indicate relevant records originate from within the United States, or other circumstances suggest that the records may relate to a person in the United States or a United States person. This request encompasses any documentation, written communications, or other records regarding any surveillance program or practice relying, in whole or in part, upon any or all such legal theories.

9. To the extent not responsive to any other request herein, all agency records mentioning what standards the government must satisfy before acquiring or targeting for acquisition under any authorities other than those in the Foreign Intelligence Surveillance

Act: **(a)** records of a United States person or a person located in the United States; **(b)** identifiers that indicate relevant records originate from within the United States; **(c)** records from a domestic records holder; or **(d)** records that other circumstances suggest may relate to a person in the United States or a United States person. This request encompasses any agency records that enumerate the various legal authorities pursuant to which such acquisition or targeting may occur and what processes for acquisition or targeting the government has concluded are so authorized.

10. To the extent not responsive to any other request herein, all agency records mentioning what standards the government must satisfy before an agency may query foreign intelligence information acquired under any authorities other than those in the Foreign Intelligence Surveillance Act for: **(a)** records of a United States person or a person located in the United States; **(b)** identifiers that indicate relevant records originate from within the United States; **(c)** records that originated from a domestic records holder; or **(d)** records that other circumstances suggest may relate to a person in the United States or a United States person. This request encompasses any agency records mentioning any limit to any claimed authority to conduct relevant surveillance, including any guidance regarding when the government is not permitted to rely on claimed inherent executive authority to acquire or query the above-referenced records and any guidance regarding what domestic surveillance is "not precluded by applicable law," including any agency records that enumerate the various legal authorities pursuant to which such querying may occur and what kinds of queries the government has concluded are so authorized.

11. To the extent not responsive to any other request herein, all agency records mentioning whether agencies' subpoena power, including 21 U.S.C. § 876(a), may be lawfully used for the bulk collection of records.

12. To the extent not responsive to any other request herein, all agency records mentioning how the Department of Justice or any component thereof describes to the public and in judicial or administrative proceedings the provenance of information obtained in the absence of express statutory authority.

13. All documentation provided in response to Request 6 of the Leahy-Lee Letter.

14. To the extent not responsive to Item 13 above, or to any other request herein, any other agency records mentioning (a) whether, and under what circumstances, the government or any agency thereof may lawfully purchase, or is purchasing, information that would require a court order to compel production of under the Foreign Intelligence Surveillance Act; (b) how the government or any agency thereof describes to the public and in judicial or administrative proceedings the provenance of such purchased information; and (c) what information may not be so purchased, including whether the government or any agency thereof is prohibited from purchasing information from any particular entities or category of entities.

15. To the extent not responsive to any other request herein, all agency records mentioning whether the government or any agency thereof may target a website's IP address under either or both of 50 U.S.C. §§ 1842 or 1861 and all agency records mentioning whether the government or any agency thereof may purchase or otherwise obtain such records.

16. All documentation provided in response to the Wyden Letter.

17. To the extent not responsive to Item 16 above, or to any other request herein, any other agency records mentioning how the government or any agency thereof implements its transparency and public reporting requirements for 50 U.S.C. § 1861 with regard to (a) targeted IP addresses, including both the reporting treatment of targeted IP addresses that reveal other IP addresses as well as how those other IP addresses are reported; (b) networks, including the reporting of multiple users of a single network; (c) website visitors, including the reporting treatment of acquired identifiers and records of those visits with respect to the requirement to report "unique identifiers used to communicate information"; (d) the reporting treatment of the collection of single versus multiple internet searches or visits, including any differing treatment in relation to a certain span of time; and (e) applications that do not, as described in 50 U.S.C. § 1862(c)(1)(C), "specifically identify an individual, account, or personal device," including whether the targeting of a network or an IP address would be categorized this way and where else collection based on these applications would be reflected in public transparency reporting.

18. All documentation provided in response to Senators Richard Durbin, Russell Feingold, and Ron Wyden's January 22, 2010, letter to then-Attorney General Eric Holder.

**19.To the extent not responsive to Item 18, or to any other request herein, the January 8, 2010, Office of Legal Counsel opinion referenced on page 264 of the Department of Justice Office of the Inspector General's 2010 report entitled "A Review of the Federal Bureau of Investigation's Use of Exigent Letters and Other Informal Requests for Telephone Records," as well as any agency records mentioning that opinion and any agency records mentioning any opinions that have superseded that opinion.**

The date range of the request generally encompassed records between May 1, 2000 and October 23, 2020, except for records from the Office of Legal Counsel (OLC) and the Drug Enforcement Agency (DEA), which had a date range from January 1, 1991 to October 23, 2020.

15.  By letter dated October 28, 2020 (Exhibit B), the DOJ advised Plaintiffs that their FOIA request had been received, assigned the tracking number 398162138472, and forwarded to the following components: the Office of Information Policy (OIP), the FBI, the National Security Division (NSD), the DEA, and the OLC.

16.  By letter dated November 23, 2020 (Exhibit C), the OIP advised Plaintiffs that their FOIA request had been received by the OIP on October 28, 2020, and assigned the tracking number FOIA-2021-00190. The OIP's letter also invoked "unusual circumstances" to extend its response time limit by ten additional days. Plaintiffs have received no further response from the OIP.

17.  By email dated January 21, 2021 (Exhibit D), the NSD notified Plaintiffs that their request "is possible [sic] maintained by another component of the U.S. Department of Justice." The NSD email did not otherwise respond to or deny Plaintiffs' FOIA request.

18.     As of the date of this complaint, the Defendant DOJ and its components have failed to: (i) produce the requested records or demonstrate that the requested records are lawfully exempt from production; (ii) notify Plaintiffs of the scope of any responsive records the DOJ intends to produce or withhold and the reasons for any withholdings; or (iii) inform Plaintiffs that they may appeal any adequately specific adverse determinations.

19.     Although more than forty business days have passed since the DOJ received Plaintiffs' FOIA request, the DOJ has not notified Plaintiffs as to whether it will fully comply with that request. Thus, under 5 U.S.C. § 552 (a)(6)(A) and 5 U.S.C. § 552 (a)(6)(C), Plaintiffs have exhausted the applicable administrative remedies.

20.     Plaintiffs have a right of prompt access to the requested records under 5 U.S.C. § 552 (a)(3)(A), but the DOJ has wrongfully withheld them.

## Count One: Freedom of Information Act

**Defendant is required to disclose all non-exempt records responsive to Plaintiffs' Freedom of Information Act requests**

21.    Plaintiffs hereby incorporate by reference all preceding paragraphs of this Complaint.

22.    FOIA's administrative exhaustion requirement required Defendant to determine whether to comply with Plaintiffs' requests within the time limits set by FOIA—namely, within twenty business days or, in "unusual circumstances," within thirty business days. 5 U.S.C. § 552(a)(6)(A)–(B). At the latest, that time period began to run ten business days after the DOJ acknowledged receipt of the request on October 28, 2020. 5 U.S.C. § 552(a)(6)(A)(ii); Exhibit B. Accordingly, the DOJ's determinations were due, at the latest, on December 29, 2020.

23.    At a minimum, Defendant was obligated to: (i) gather and review the requested records; (ii) determine and communicate to Plaintiffs the scope of any responsive records Defendant intended to produce or withhold and the reasons for any withholdings; and (iii) inform Plaintiffs that they may appeal any adequately specific adverse determinations. See, e.g., *Citizens for Responsibility and Ethics in Washington v. Federal Election Commission*, 711 F.3d 180, 188-89 (D.C. Cir. 2013).

24.    Defendant did not perform any of the required activities by the applicable statutory deadlines.

25.    Consequently, Plaintiffs are deemed to have exhausted their administrative appeal remedies. 5 U.S.C. § 552(a)(6)(A), (C)(i), (ii).

26.   Defendant's failure to release responsive non-exempt records violates FOIA, 5 U.S.C. § 522(a)(3)(A), as well as the regulations implementing FOIA.

27.   Plaintiffs are entitled to receive all responsive non-exempt records from Defendant forthwith.

## PRAYER FOR RELIEF

Plaintiffs respectfully request that the Court:

A.  Order Defendant to conduct searches immediately for any and all records responsive to Plaintiffs' FOIA requests and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiffs' FOIA request.

B.  Order Defendant to produce, by dates certain, any and all non-exempt records to Plaintiffs' FOIA request, and *Vaughn* indices of any responsive records withheld under claim of exemption;

C.  Enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiffs' FOIA requests;

D.  Grant Plaintiffs an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and

E.  Grant Plaintiffs such other relief as the Court deems just and proper.

Respectfully submitted,

/s/ Gene C. Schaerr

GENE C. SCHAERR (D.C. Bar No. 416638)
  *Counsel of Record*
SCOTT GOODWIN*
SCHAERR | JAFFE LLP
1717 K Street NW, Suite 900
Washington, DC 20006
(202) 787-1060
gschaerr@schaerr-jaffe.com
*Counsel for Plaintiffs PPSA, Inc. and Demand Progress Education Fund, a project of New Venture Fund*

*Application pending for admission to the D.C. Bar. Practicing under the supervision of D.C. bar members pursuant to Rule 49(c)(8).